UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN C. PHILLIPS and
RICHARD S. KANISH,

        Plaintiffs

     -vs-

BOARD OF COMMISSIONERS OF
SCHUYLKILL COUNTY, FRANK J.
STAUDENMEIER, ROBERT S. CARL,
JR., and MANTURA M. GALLAGHER,

        Defendants

NO. 3:CV-06-897

(Judge Kosik)

## MEMORANDUM

Defendants have filed a motion to dismiss the complaint of plaintiffs pursuant to Rule12(b)(1) and (6) of the Federal Rules of Civil Procedure, i.e., lack of jurisdiction over subject matter, and failure to state a claim warranting relief.  The motion has been briefed, and there appears to be no disagreement as to the legal standard in considering a Rule 12(b) motion.

### Background

Plaintiffs John C. Phillips and Richard S. Kanish were each long time employees of Schuylkill County, Pennsylvania, serving as Director of Human Services and Material-Contract Manager, respectively.  Plaintiff Phillips retired from his position on April 30, 2004, and Kanish retired on September 24, 2004.

Jurisdiction is predicated upon 28 U.S.C. §1331 and §1343 in that the case arises under the laws and Constitution of the United States dealing with civil rights; 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution.  In this regard, plaintiffs claim the defendants knowingly and willfully deprived them of their property

interests by denying their accumulated sick leave and severance pay upon retirement. In separate counts, plaintiffs claim defendants are in breach of contract, and in breach of the covenant of good faith and fair dealing in the performance of a contract in violation of 13 Pa.C.S.A. §1203.

Discussion and Conclusion

The basic thrust of the defense motion is that Counts I and IV of the complaint fail to state a §1983 action because neither plaintiff has a constitutionally protected property interest in sick leave or severance benefits which deserve due process protection. This is not a case where plaintiffs were terminated since each took his retirement after in excess of 18 and 31 years employment, respectively. Although the Third Circuit has not addressed our exact constitutional issues, case law in other jurisdictions reveals that plaintiffs cannot state a §1983 claim on the basis of sick pay and severance benefits in our circumstances. *Board of Regents of State College v. Roth*, 408 U.S. 574, 92 S.Ct. 2701, 2709 (1972); *Ramsey v. Board of Education of Whitley County, Ky.*, 844 F.2d 1268 (6th Cir. 1988)(accumulated sick leave days not property interest); *Alberti v. County of Nassau*, 393 F.Supp.2d 151 (E.D.N.Y. 2005)(no vested property interest in compensatory time earned prior to termination). The tenor of these cases is that a property interest is not created by the Constitution. Rather, property interest is created and its dimensions are defined by existing rules and understandings that stem from an independent source such as state law or rules that secure certain benefits. *Roth* at 2709. The Supreme Court has said that "to secure a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation for it." The court in *Ramsey* concluded, and we agree, that plaintiffs' property interest here is the pure benefit of employment, as opposed to the employment itself. It is an interest that can be and should be redressed by a state breach of contract action and not a federal action under §1983. Such disparities do not implicate the great objects of the Fourteenth

Amendment. Indeed, plaintiffs' complaint seeks to establish a contractual entitlement to the benefits they claim here in their respective breach of contracts claims which belong in state court.

Accordingly, we will grant the defendants' motion to dismiss as plaintiffs failed to state a claim under §1983. Pursuant to 28 U.S.C. §1367(c)(3), we will dismiss plaintiffs' remaining supplemental state law claims as the matter is in the early stages of litigation and dismissal will not prejudice the plaintiffs' ability to pursue the contract claims in state court. *See Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1284 (3d Cir. 1993)(holding after dismissal of federal claims upon which jurisdiction was based, district court should take into account generally accepted principles of judicial economy, convenience, and fairness to the litigants when deciding whether to dismiss remaining state law claims). *Also see*, *Breiner v. Litwhiler*, 245 F.Supp.2d 614, 635-36 (M.D.Pa. 2003).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN C. PHILLIPS and
RICHARD S. KANISH,

         Plaintiffs

     -vs-

BOARD OF COMMISSIONERS OF
SCHUYLKILL COUNTY, FRANK J.
STAUDENMEIER, ROBERT S. CARL,
JR., and MANTURA M. GALLAGHER,

         Defendants

NO. 3:CV-06-897

(Judge Kosik)

## **ORDER**

AND NOW, this 28th day of August, 2006, IT IS HEREBY ORDERED THAT:

(1) The defense motion to dismiss is GRANTED;

(2) The Clerk of Court is directed to CLOSE this case.

                        s/Edwin M. Kosik
                        United States District Judge